**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-CR-566 (RCL)** |
| v. | : | |
| | : | |
| **DAVID NICHOLAS DEMPSEY,** | : | |
| | : | |
| Defendant. | : | |

<u>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO CONTINUE SENTENCING HEARING**</u>

The defendant, David Dempsey, has moved to continue the sentencing hearing scheduled for July 29, 2024, to afford counsel time to purportedly resolve unspecified habeas litigation in California state courts. ECF No. 55 at 1. The Government opposes the motion for the following reasons: (1) the California state court is set to rule on Dempsey's habeas petition before the scheduled sentencing date in the instant matter, and (2) regardless of whether the California court grants the habeas petition, it would not affect Dempsey's criminal history score.

**I.     The California state court will rule on Dempsey's habeas petition on July 22.**

Based on Dempsey's own motion, the California state court is scheduled to rule on Dempsey's habeas petition on July 22, 2024, which is one week before the sentencing hearing in the instant case. ECF No. 55 at 1. The Government has confirmed that scheduling with the Los Angeles County District Attorney's Office.

**II.    The California state court's decision will not affect Dempsey's criminal history score.**

The Government understands that Dempsey is seeking to lower his criminal history score (estimated by the Government in the plea agreement to be at least Category VI) by having his prior criminal convictions expunged. The current habeas petition concerns Dempsey's May 17, 2021, plea to California Penal Code § 22810(g)(1), a felony commonly known as unlawful use or

possession of tear gas, following an incident on the Santa Monica Pier were Dempsey ran into a crowd of protestors and sprayed what appeared to be pepper spray into the crowd. Dempsey continued to spray people, even as they dispersed. Dempsey filed an untimely habeas petition on December 18, 2023, in Los Angeles County, asserting ineffective assistance of counsel during plea negotiations and that his plea was involuntary. The relief requested is a reversal, meaning that the conviction would be vacated and Dempsey could either enter a new plea or be tried.

Even if the California court ruled in Dempsey's favor, the ruling would not affect Dempsey's criminal history score.[1] Even without this 2021 conviction, Dempsey's criminal history points place him in Criminal History Category VI. *See* ECF No. 46 at 4, ECF No. 56 at ¶ 15. The Government did not include the 2021 conviction in its estimated criminal history calculation in the plea agreement, because it was still awaiting receipt of information regarding the conviction at the time the plea offer was extended. *See* ECF No. 46 at 4. Therefore, there is no reason to delay the sentencing hearing, even if the California court's decision is delayed past July 22, which there is no current reason to believe it will be.

---

[1] Of course, the Court could consider the 2021 conviction (or its reversal) in its analysis under 18 U.S.C. § 3553(a). However, even if the California court reverses the conviction, this Court could nevertheless consider the facts and evidence underlying the crime and Dempsey's guilty plea when analyzing Dempsey's history and characteristics.

For the reasons stated herein, the Court should deny the defendant's motion to continue the sentencing hearing.

Respectfully submitted,

FOR THE UNITED STATES
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:  */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
NY Bar No. 5226121
601 D Street, NW
Washington, DC 20530
(202) 803-1612
carolina.nevin@usdoj.gov

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Texas State Bar No. 24077601
Assistant United States Attorney (Detailed)
1100 Commerce Street, Third Floor
Dallas, TX 75242
(214) 659-8604
douglas.brasher@usdoj.gov