**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
|     **v.** ) | **Case No. 1:21-cr-00566-RCL-1** |
| ) | |
| **DAVID NICHOLAS DEMPSEY,** ) | |
|     *Defendant*. ) | |

**DEFENDANT DEMPSEY'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING HEARING**

David Nicholas Dempsey, by and through his undersigned counsel, respectfully submits this Reply to the government's Opposition to his Motion to Continue Sentencing Hearing.

**BACKGROUND**

1. On March 25, 2024, the Court continued Mr. Dempsey's sentencing hearing pursuant to a Consent Motion, *see* ECF No. 52, and Supplement, *see* ECF No. 53, seeking such relief. In the Supplement, Mr. Dempsey indicated there are a few remaining outstanding matters relating to his post-conviction litigation, including a Petition for Writ of Habeas Corpus. *See* ECF No. 53.

2. On June 10, 2024, Mr. Dempsey filed a second Motion to Continue Sentencing Hearing, requesting the sentencing hearing be continued from July 29, 2014 to August 9, 2024 (or, of course, sometime thereafter). *See* ECF No. 55. As alluded to in the Motion, this request was made because the court in the above-referenced habeas litigation indicated it might need until July 30, 2024 (or possibly even a bit longer) to enter an order either granting or denying habeas relief. *See id.*

3.        On June 26, 2024, the government filed an Opposition to Mr. Dempsey's Motion to Continue Sentencing Hearing, claiming that the Court will rule on Mr. Dempsey's habeas petition prior to the federal sentencing hearing and that the disposition of the habeas petition will not affect Mr. Dempsey's criminal history score. *See* ECF No. 57. As explained below, the government's arguments set forth in its Opposition are plainly baseless.

4.        Further, the government failed to timely file its Opposition, as it filed it in excess of the fourteen (14) days afforded by this Court's Local Rules, without even asking the Court for permission for leave to late file. *See* L.Cr.R. 47(b). Thus, pursuant to the Local Rules, the Court should treat Mr. Dempsey's Motion to Continue Sentencing Hearing as conceded to by the government. *See id.*

5.        The Court should grant Mr. Dempsey's Motion to Continue Sentencing Hearing.

## ARGUMENT

The government's Opposition was not timely filed. Accordingly, the Court should treat Mr. Dempsey's Motion to Continue Sentencing Hearing as conceded. *See id.* However, even if the Court chooses to consider the government's Opposition, the government's arguments therein are plainly baseless.[1]

As to the government's first argument, it is *not*, in fact, certain that the habeas court will enter an order on the habeas petition on July 22, 2024. As referenced in Mr. Dempsey's Motion to

---

[1] As a preliminary matter, in its Opposition, the government mischaracterizes certain information. For example, the government inaccurately recites the underlying circumstances in the habeas case. Contrary to what the government provides (and despite the irrelevance of the purported facts to its argument), there is much evidence to show that Mr. Dempsey was, among other things, actually innocent because he was acting in defense of himself and others. Therefore, the Court has this basis, among possibly others, to conclude that Mr. Dempsey's conduct would not weigh in favor of an increased sentence under 18 U.S.C. § 3553(a), if such conduct should even be considered at all. As another example, the government submits that Mr. Dempsey's habeas petition was untimely filed; that is not so. Indeed, the habeas court already determined that Mr. Dempsey's habeas petition provided a sufficient basis for relief and, accordingly, asked the District Attorney's Office to submit a filing showing why the requested relief should not be granted. In its filing, knowing it has a weak basis to contest Mr. Dempsey's petition, the DA's Office made this baseless timeliness argument.

Continue, the habeas court indicated it might need more time to enter an order than as provided by the July 22, 2024 date that undersigned counsel requested. Moreover, the habeas court initially indicated that it would try to enter an order by July 30, 2024; this date was offered by the habeas court based on its heavy trial schedule in the month or so leading up to that time.

As to the government's second argument, the government is, again, plainly incorrect. Based on counsel's post-conviction efforts thus far, four (4) of the seven (7) post-convictions matters no longer correspond to a countable sentence.[2] Accordingly, based on where things currently stand, Mr. Dempsey has seven (7) criminal history points,[3] making him a Criminal History Category IV. If Mr. Dempsey is successful in his pending habeas matter, Mr. Dempsey will be a Criminal History Category III, since he will have six (6) criminal history points.

In addition to the pending habeas petition, there is one other case in which Mr. Dempsey has a pending post-conviction filing before a court. If Mr. Dempsey is also successful in this respective post-conviction case, he will have a *total* of three (3) criminal history points, and, therefore, he will be a Criminal History Category II. Although the court in this respective post-conviction case has not provided a timeline for its determination, affording that court additional time to make a determination increases the likelihood it will do so prior to Mr. Dempsey's federal sentencing.

It is clear that granting Mr. Dempsey's request to continue his federal sentencing does not prejudice the government much, if at all. In contrast, Mr. Dempsey's sentencing outcome might be drastically different if the Court were to deny his request, given that Mr. Dempsey is limited in

---

[2] Counsel will provide the Court confirmation of the outcomes of post-conviction litigation in the four (4) matters upon the Court's request.
[3] U.S.S.G. §4A1.1(e) does not apply because the sentence that corresponded the action for which Mr. Dempsey was on probation at the time of the conduct underlying the federal case is not "otherwise countable," because, among other things, this action was dismissed in its entirety.

his ability to appeal his federal sentence and the successful resolution of the two (2) remaining post-conviction matters has the ability significantly reduce the length of Mr. Dempsey's federal sentence.

In light of the above and in his Motion to Continue Sentencing Hearing, David Nicholas Dempsey, by and through undersigned counsel, requests this Court grant his Motion to Continue Sentencing Hearing.

Respectfully submitted,

_____/s/_____
Amy C. Collins
D.C. Bar No. 1708316
888 17th Street, NW, Suite 1200
Washington, D.C. 20006
(228) 424-0609
amy@amyccollinslaw.com
acollins@kalbianhagerty.com
*Counsel for David Nicholas Dempsey*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2024, I served the foregoing Reply upon all parties in this matter through the CM/ECF system.

_____/s/_____
Amy C. Collins

4